John O. Farley
Michael T. Jones (*pro hac vice*)
Jordan D. Weiss
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY
Tel:  212.459.7318
Fax:  212.355.3333

*Counsel for Diane Currier*
*(Executor of the Estate of Richard Floor)*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No.:   1:16-cv-00737-AJN |
| LYONDELL CHEMICAL COMPANY, et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| DIANE CURRIER (EXECUTOR OF THE ESTATE OF RICHARD FLOOR), | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD S. WEISFELNER, | ) | |
| | ) | |
| Appellee. | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DIANE CURRIER'S
(EXECUTOR OF THE ESTATE OF RICHARD FLOOR)
<u>MOTION FOR LEAVE TO APPEAL</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................2

I.     There Is No Mixed Question of Law and Fact ..............................................2

II.    The Trustee Ignores the Key "Excusable Neglect" Cases in the Second Circuit and Relies Instead on *Staggers*, a 1966 Opinion Contradicted by *Pioneer*. ......................4

III.   The Second Circuit Applies the Same "Hard Line" Standard Whenever Called Upon to Determine "Excusable Neglect," and Rule 25(a) Is Not an Exception..................6

IV.   There Was No "Waiver" Or "Consent," As a Matter of Law............................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*200 E. 87th St. Assocs. v. MTS, Inc.*,
  793 F. Supp. 1237 (S.D.N.Y.)................................................................8

*Al-Jundi v. Estate of Rockefeller*,
  757 F. Supp. 206 (W.D.N.Y. 1990) ........................................................2

*Beckles v. New York*,
  No. 08-3687, 2010 WL 1841714 (S.D.N.Y. May 10, 2010) ....................7

*Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*,
  No. 12-5557, 2013 WL 1234958 (S.D.N.Y. Mar. 26, 2013)....................9

*In re Bulk Oil (USA) Inc.*,
  No. 89-13380, 2007 WL 1121739 (S.D.N.Y. Apr. 11, 2007) ..................7

*Canfield v. Van Atta Buick/GMC Truck, Inc.*,
  127 F.3d 248 (2d Cir. 1997)....................................................................4

*Casey v. Long Island R. Co.*,
  406 F.3d 142 (2d Cir. 2005)....................................................................2

*Colin v. Keen*,
  No. 13-3595, 2015 WL 1887084 (E.D.N.Y. Apr. 24, 2015) ...................6

*In re DG Acquisition Corp.*,
  213 B.R. 883 (S.D.N.Y. 1997).................................................................9

*Dillinger Gaines Coachworks, Ltd. v. Fireman's Fund Ins. Co.*,
  No. 91-7471, 1992 WL 230130 (S.D.N.Y. Aug. 31, 1992)....................9

*Falls v. Novartis Pharma. Corp.*,
  No. 13-270, 2014 WL 3810246 (D. Conn. Aug. 1, 2014) .......................7

*Hernandez v. Good*,
  No. 01-9585, 2014 WL 4058662 (S.D.N.Y. Aug. 14, 2014)...................6

*In re Enron Corp.*,
  419 F.3d 115 (2d Cir. 2005)....................................................................7

*In re Johns-Mansville Corp.*,
  476 F.3d 118 (2d Cir. 2007)....................................................................8

*Knox v. Palestine Liberation Org.*,
    229 F.R.D. 65 (S.D.N.Y. 2005) ............................................................6

*L. Orlik Ltd. v. Helme Prods. Inc.*,
    427 F. Supp. 771 (S.D.N.Y. 1977)....................................................9, 10

*McGuinnes v. Novartis Pharm. Corp.*,
    289 F.R.D. 360 (M.D. Fla. 2013)........................................................8

*NLRB v. N.Y. Tel. Co.*,
    930 F.2d 1009 (2d Cir. 1991)..............................................................8

*Padilla v. Maersk*,
    721 F.3d 77 (2d Cir. 2013)........................................................1, 4, 5, 9

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
    507 U.S. 380, 393 (1993) ........................................................ *passim*

*Rush v. Oppenheimer & Co.*,
    779 F.2d 885 (2d Cir. 1985).................................................................9

*Saunders v. Senkowski*,
    587 F.3d 543 (2d Cir. 2009)................................................................3

*Silivanch v. Celebrity Cruises, Inc.*,
    333 F.3d 355 (2d Cir. 2003)................................................... *passim*

*Staggers v. Otto Gerdau Co.*,
    359 F.2d 292 (2d Cir. 1966)........................................................1, 4, 5

*Stissi v. Interstate & Ocean Transp. Co. of Phila.*,
    765 F.2d 370 (2d Cir. 1985)................................................................3

*Swiggett v. Coombe*,
    No. 95-4916, 2003 WL 174311 (S.D.N.Y. Jan. 27, 2003) ....................8

*Tanvir v. Laporte*,
    169 F.R.D. 292 (S.D.N.Y. 1996) .......................................................8

*Tatum v. Cardillo*,
    208 F.2d 955 (2d Cir. 1953)................................................................8

*Tillman v. N.Y. State Dep't of Mental Health*,
    776 F. Supp. 841 (S.D.N.Y. 1991)......................................................8

*Unicorn Tales v. Banerjee*,
    138 F.3d 467 (2d Cir. 1998)...........................................................1, 4

*United States v. Malachowski,*
   623 F. App'x. 555 (2d Cir. 2015) ...............................................................7

*United States v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256,*
   No. 09-6543, 2010 WL 4452096 (W.D.N.Y. Sept. 28, 2010)................................6

*Viknesrajah v. Lynch,*
   620 F. App'x 28 (2d Cir. 2015) ...............................................................3

*Wal-Mart Stores, Inc. v. Visa USA, Inc.,*
   395 F. App'x 743 (2d Cir. 2010) ...............................................................6

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton,*
   16 F.3d 501 (2d Cir. 1994)...................................................................4

*Williams v. KFC Nat'l Mgmt. Co.,*
   391 F.3d 411 (2d Cir. 2004)...........................................................1, 4, 5, 9

**Other Authorities**

Fed. R. Civ. P. 6 ....................................................................................... *passim*

Fed. R. Civ. P. 25 ..............................................................................4, 5, 7, 8

Fed. R. Civ. P. 26 ...................................................................................6

Fed. R. Civ. P. 50 ...................................................................................6

Fed. R. Civ. P. 58 ...................................................................................2

Fed. R. Civ. P. 59 ...................................................................................2

## PRELIMINARY STATEMENT

The Question Presented is ripe for review.  A successful appeal would end all litigation against the Estate, after an abusive five-year delay.  Interlocutory review would prejudice nobody.  The Trustee has not even filed his amended complaint yet.  Motions to dismiss, foreign-law expert discovery, summary judgment and trial await.  The Order is plainly wrong on the law, sustainable only if one ignores the Supreme Court's controlling "excusable neglect" standard, set by *Pioneer* in 1993, and its many progeny in this Circuit, including *Unicorn Tales*, *Silivanch*, *Williams*, and *Padilla*—in favor of a single 1966 Second Circuit opinion, *Staggers*.

There is no mixed question of law and fact.  The Bankruptcy Court made factual errors, some of which the Estate noted for context.  But the question presented is purely legal:  Did the Bankruptcy Court err—on the facts as found—in finding "excusable neglect?"  That question may be answered by a simple review of the Order and five dispositive cases: *Pioneer*, *Unicorn Tales*, *Silivanch*, *Williams*, and *Padilla*.  The Bankruptcy Court made findings as to what the Trustee did and when.  Those findings bar a holding of "excusable neglect," as a matter of law.

The Trustee tries to muddy the waters by arguing that Judge Gerber found an "alternative basis" of "waiver" for granting the Trustee relief.  Trustee's Opposition ("Opp.") (Dkt. No. 9) at 20-21.  He did not.  "[This opinion] is only about determining whether . . . the Trustee's counsel's neglect was excusable."  Order at 17.[1]  "The Court is ruling only, in the exercise of its discretion . . . that the neglect of the Trustee . . . is excusable."  *Id.* at 19.  The Order features no "waiver" analysis, discusses none of the elements of waiver, cites no authority on waiver, and makes no finding of waiver.  There was no waiver.

Taking a step back, the Order's central holding is legally and logically indefensible on its face: the Order holds that neglect can be "excusable" where the "excuse" ***did not cause*** the

---

[1] This Reply uses the same abbreviations as in the Estate's Motion for Leave to Appeal, unless otherwise indicated.

neglect.[2]  That explains the Trustee's attempt to defend the Order by attacking the Estate for simply describing the law: "the [Estate] attempts[s] to suggest [an] . . . approach, under which facts ***not relating to the reasons for the delay*** are, on that ground, excluded from consideration." Opp. at 18 (emphasis added).  Of course they are excluded from consideration.  *Pioneer* mandates a dispositive threshold inquiry into the "reason for the delay," not into "facts ***not relating*** to the reasons for the delay."  Absent an adequate reason for the delay, the Second Circuit bars a finding of excusable neglect based on the other *Pioneer* factors.  As the Trustee concedes, on its face the Order relies solely on "facts not relating to the reasons for the delay."  It is thus a *per se* abuse of discretion, mandating reversal.

## ARGUMENT

### I.      There is No Mixed Question of Law and Fact.

The Trustee offers no support for the contention that this appeal requires a detailed fact review.[3]  Instead, he offers two specious observations.

*First*, he says the Estate concedes that "whether 'excusable neglect' has been established under Rule 6(b) is necessarily a fact-specific inquiry."  Opp. at 18.  True.  But the Trustee misleadingly omits the next two sentences from the Estate's brief: "However, certain bright line rules have emerged in this Circuit.  One such rule, recognized but not enforced by the Bankruptcy Court, is that 'the proffered reason must have actually caused the neglect' in failing to meet the deadline."  Motion at 16, quoting Order at 12.  In other words, the Estate argued the

---

[2] The Order actually states, correctly, that "the proffered reason must have actually caused the neglect," Order at 12, but abandons that accurate statement of the law in ruling for the Trustee.

[3] Courts routinely hear interlocutory appeals from Rule 6(b)(1)(B) rulings, without a renewed factual determination. *See, e.g., Al-Jundi v. Estate of Rockefeller*, 757 F. Supp. 206, 208 (W.D.N.Y. 1990); *see also Casey v. Long Island R. Co.*, 406 F.3d 142, 147 (2d Cir. 2005) (the question "of whether the district court lacked authority under Rules 6(b) and 58 to delay the entry of judgment in order to expand [defendant's] time to make a Rule 59(b) motion . . . presents a question of law.").

opposite of what is suggested by the Trustee's selective quotation.  No detailed fact review is required.

*Second*, the Trustee observes that the Estate "takes issue with the key factual underpinnings of the holding below."  Opp. at 14.  It does.  But the Estate's criticism of certain factual findings was proffered for context on this Motion for Leave.  The Estate's position is clearly that the Order must be reversed because its finding of "excusable neglect" is expressly and undisputedly based on events occurring *after* the Trustee neglected the deadline, in violation of Second Circuit law.[4]

In truth, it is the Trustee who tries to rewrite the Order.  He says that "the Bankruptcy Court found as a factual matter that the litigation being 'in abeyance' was '*one of the reasons underlying the delay*.'"  Opp. at 16, quoting Order at 15 (emphasis Trustee's).  That is false.  The Bankruptcy Court found that "***the need to focus on case administration matters*** was one of the reasons underlying the delay."  Order at 15 (emphasis added).  "Focus on [other] matters" never equals excusable neglect, so the Trustee replaced those words with something more palatable.[5]

The Trustee also improperly introduces new, absolutely crucial facts on appeal.  He argues here, for the first time ever, that he made "efforts with respect to determining whether an executor had been appointed prior to" the expiration of the 90-day deadline.  Opp. 16 n.9, 7.  Not so.  The court held that "the 90-day marked [*sic*] had passed" before the Trustee took any action to comply with Rule 25.  Order at 17.  That finding is integral to the Order and was never challenged prior to the filing of the Trustee's Opposition to this Motion.

---

[4] "The application of a legal standard to an undisputed set of facts is a question of law subject to *de novo* review." *Viknesrajah v. Lynch*, 620 F. App'x 28, 29 (2d Cir. 2015); *see also Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009) ("The determination of whether a limitations period has expired, based on undisputed facts, is a question of law."); *Stissi v. Interstate & Ocean Transp. Co. of Phila.*, 765 F.2d 370, 374 (2d Cir. 1985).

[5] The court expressly disclaimed reliance on this so-called "abeyance" in reaching its decision: "the Court does not rely on [these statements by counsel], as there are several other factors causing the Trustee's late motion to be excusable."  Order 9 n.4.

This matter presents a purely legal question: Can a party establish excusable neglect with citation only to events occuring *after* that party had already missed the deadline and where that party did *nothing* to satisfy the deadline before it was missed?  The answer is no.

## II.    The Trustee Ignores the Key "Excusable Neglect" Cases in the Second Circuit and Relies Instead on *Staggers*, a 1966 Opinion Contradicted by *Pioneer*.

The Trustee literally ignores controlling Second Circuit "excusable neglect" cases—*Unicorn Tales*, *Williams*, *Silivanch*, and *Padilla*—because they are fatal to his position.[6]

*Unicorn Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998), holds that Rule 25 "does not require that the statement [of death] identify the successor or legal representative," and if a party cannot identify a proper substitute, it must seek a Rule 6(b) extension within the 90-day limit.  But the Trustee says *Unicorn Tales* "stands for the unremarkable proposition that the court may not extend a deadline retroactively where no party has moved for such relief," and never mentions it again.  Opp. at 19 n.12.

*Williams v. KFC National Management Co.*, 391 F.3d 411, 417 (2d Cir. 2004), holds that in the absence of a valid excuse causing the neglect, it is "*not . . .* within the district court's discretion" to find "excusable neglect," even if the other *Pioneer* factors are met (emphasis in original).  But the Trustee says *Williams* holds that "in some cases, the proffered reason for the movant's delay might be 'deemed inadequate,'" and never mentions it again.  Opp. at 19.

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003), holds that a finding of "excusable neglect" in the face of a good-faith, harmless, two-day delay was nonetheless an abuse of discretion, and that this holding applies universally to the "excusable

---

[6] *See also, e.g.*, *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501 (2d Cir. 1994), unmentioned by the Trustee; and *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (Trustee ignores holding that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test").

neglect" standard.  But the Trustee says *Silivanch* should be ignored because it is a "leave-to-appeal case [that] adopts a 'hard-line' approach that is not applied in a Rule 25 [*sic*] cases."[7] Opp. at 19.  That assertion is both uncited and false.  *See* cases cited at § III, *infra*.

*Padilla v. Maersk* holds that "a delay attributable solely to a [party's] failure to act with diligence cannot 'be characterized as "excusable neglect"' . . . .'"  721 F.3d 77, 84 (2d Cir. 2013). The Trustee simply says *Padilla* is "factually inapposite."  Opp. 20 n.13.

The Trustee and the Order ignore all of this Second Circuit authority in favor of one 1966 case, *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir. 1966), each misinterpreting that court's observation that Rule 25(a) "was not intended to act as a bar to otherwise meritorious actions" as somehow exempting it from Rule 6(b).  *Id.* at 296 (quoted at Opp. at 16, 19, 23; Order at 7, 7 n.21, 19 n.56).  But no Federal Rule is "intended" to bar meritorious actions; that is just how deadlines work.  The *Staggers* court's observation is a truism, made expressly in light of "the 1963 amendment to Rule 25" that replaced an absolute two-year time bar unique to Rule 25 substitution with the more flexible **Rule 6(b)** framework applied throughout the Rules.  *Id.* at 295-96.  More important, *Staggers* is not good law on the elements of "excusable neglect."  It relies almost exclusively on the absence of prejudice in allowing a two-day-late Rule 25(a) substitution motion to be filed.  *Id.* at 296.[8]  But that would be a *per se* abuse of discretion under *Pioneer*, *Silivanch*, and *Williams*, absent an adequate explanation for the delay itself.  The Order's 50-year-old lead case cannot be squared with *Pioneer* as enforced in this Circuit.

---

[7] The Trustee relies extensively on non-Rule 25 "excusable neglect" cases when it suits his litigation position, Opp. at 18, and disclaims them when it does not.  Opp. at 19.

[8] The motion was made just two days late, after significant efforts and open communications with the court and opposing counsel regarding substitution during the 90 days.  *Id.* at 296.  The Trustee loses even under *Staggers*.

**III.    The Second Circuit Applies the Same "Hard Line" Standard Whenever Called Upon to Determine "Excusable Neglect," and Rule 25(a) Is Not an Exception.**

Courts in this circuit uniformly apply *Silivanch*'s "hard-line" standard.  As *Silivanch* explains, the term "excusable neglect" means the same thing wherever it appears.  333 F.3d at 366-67.  That is because the policy animating *Silivanch* is not limited to the timing of civil appeals:  "[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *Id.* at 368.[9]  Thus, "[t]he excusable neglect standard can **never** be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules . . . ." *Id.* at 369 (emphasis added).

For example, in *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 395 F. App'x. 743, 744-45 (2d Cir. 2010), the Second Circuit applied *Silivanch* and affirmed the lower court's failure to find excusable neglect, where the moving party was "careless and does not otherwise explain" its failure to comply with a bankruptcy claim bar date.  In *Knox v. Palestine Liberation Organization*, 229 F.R.D. 65, 69 (S.D.N.Y. 2005), this Court enforced the "hard line" in denying a late motion to extend the time to object to a Magistrate's Report.  In *Hernandez v. Good*, No. 01-9585, 2014 WL 4058662, at *8-9 (S.D.N.Y. Aug. 14, 2014), this Court enforced the "hard line" in rejecting the moving party's argument that its filing of a Rule 50 motion ***one day late*** was the product of "excusable neglect."  In *Colin v. Keen*, No. 13-3595, 2015 WL 1887084, at *6-8 (E.D.N.Y. Apr. 24, 2015), the court enforced the "hard line" in denying untimely Rule 26 discovery.  And in *United States v. One 2000 Mercedes Benz*, the Court denied a *pro se* litigant's motion for extension of time to file an Answer, citing the "hard line" once again.  No. 09-6543,

---

[9] This is the ninth brief filed by the parties concerning the Trustee's failure to satisfy the 90-day deadline.

2010 WL 4452096, at *3 (W.D.N.Y. Sept. 28, 2010), *report and recommendation adopted*, No. 09-6543, 2010 WL 4503189 (W.D.N.Y. Nov. 3, 2010).[10]

Indeed, courts in this Circuit rely expressly on *Silivanch* to reject the very argument advanced by the Trustee: that attorney inadvertence equals "excusable neglect" so long as the delay was not prejudicial or the product of bad faith.  For example, in *In re Enron Corp.*, the Second Circuit invoked the "hard line" and quoted *Silivanch* at length, including its holding that "[w]e operate in an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. . . ."  419 F.3d 115, 123 (2d Cir. 2005).  The court went on to quote *Pioneer*, 507 U.S. at 392, in words with dispositive application here:

> As we have noted, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."  Similarly, preoccupation or an excessive workload does not typically render a mistake excusable. . . . [W]e give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date.

*Id.* at 126 (internal citations and quotation marks omitted).

Rule 25(a) does not get special treatment.  For example, in *Falls v. Novartis Pharma. Corp.*, No. 13-270, 2014 WL 3810246, at *4 (D. Conn. Aug. 1, 2014), the court extensively cited and quoted *Silivanch*, and its invocation of the Second Circuit's "hard line," in refusing to find excusable neglect in the Rule 25 context, precisely because "counsel for Plaintiffs," like the Trustee's counsel, "offered as an excuse only his own busy schedule and inadvertence."  The

---

[10] The list of opinions enforcing the Second Circuit's "hard line" outside the civil appeal context goes on and on. *See, e.g.*, *United States v. Malachowski*, 623 F. App'x. 555, 557 (2d Cir. 2015) (untimely criminal appeal) (quoting *Silivanch*: "the excusable neglect standard can **never** be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules") (emphasis added); *Beckles v. New York*, No. 08-3687, 2010 WL 1841714, at *2-3 (S.D.N.Y. May 10, 2010) (untimely motion for reconsideration) (quoting *Silivanch* and affirming no extension would be granted when motion was filed two days late due to attorney's illness); *In re Bulk Oil (USA) Inc.*, No. 89-13380, 2007 WL 1121739, at *6-7 (S.D.N.Y. Apr. 11, 2007) (enforcing "hard line" in denying motion under Rule 6(b)(1)(B) for extension of time to object to Magistrate Judge's order).

court went on to hold that "'absent extraordinary circumstances, attorney inadvertence is not excusable neglect,'" *id.* (quoting *In re Johns-Mansville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007)), and "'the ability of Plaintiff's counsel to manage his caseload is not a sufficient reason to disregard the Federal Rules of Civil Procedure.'" *Id.* (quoting *McGuinnes v. Novartis Pharm. Corp.*, 289 F.R.D. 360, 363 (M.D. Fla. 2013), another Rule 25(a) case).[11]

## IV.   There Was No "Waiver" Or "Consent," As a Matter of Law.

The Trustee has fabricated this *ex post* justification for the Order in an attempt to avoid an appeal on the issue of excusable neglect.  The Trustee alleges that the Estate waived its right to object to substitution, by failing *after* expiration of the 90-day deadline to "inform the Trustee" of Ms. Currier's appointment, "reserve any rights," or "correct" the proposed amended complaint.  Opp. at 10.  As noted above, there was no finding of "waiver."  In any case, waiver is the "intentional relinquishment of a known right," *Tatum v. Cardillo*, 208 F.2d 955, 956 (2d Cir. 1953), and "should never be lightly inferred," *Tanvir v. Laporte*, 169 F.R.D. 292, 294 (S.D.N.Y. 1996).  "[T]he intent to waive must be clearly established and cannot be inferred from doubtful or equivocal acts or language, and the burden of proof is on the person claiming the waiver of the right." *200 E. 87th St. Assocs. v. MTS, Inc.*, 793 F. Supp. 1237, 1251 (S.D.N.Y.), *aff'd*, 978 F.2d 706 (2d Cir. 1992) (internal quotation marks omitted).  The party alleging waiver "bears the weighty burden of establishing that a 'clear and unmistakable' waiver has occurred."  *NLRB v. N.Y. Tel. Co.*, 930 F.2d 1009, 1011 (2d Cir. 1991).

To find waiver, a court must also find that the party alleging waiver has been prejudiced. *See Tillman v. N.Y. State Dep't of Mental Health*, 776 F. Supp. 841, 843 (S.D.N.Y. 1991), *aff'd*,

---

[11] The one place where the treatment of Rule 25 varies from other Rules' cuts against the Trustee.  The Commentary to Rule 25 explains that even timely Rule 25 motions may be denied in the interest of finality for estates that have been distributed.  *See* Fed. R. Civ. P. 25 (Advisory Committee Notes, 1963 Am.).  This Court has similarly observed, in (once again) denying a late motion for extension of time to comply with Rule 25(a), that "[t]he court has in mind that claims against the estates of deceased persons can create uniquely serious problems for the survivors of these persons."  *Swiggett v. Coombe*, No. 95-4916, 2003 WL 174311, at *3 (S.D.N.Y. Jan. 27, 2003).

963 F.2d 1521 (2d Cir. 1992).  On the facts as found below, as a matter of law, the Trustee was not prejudiced because, even if there were some implied waiver, it could not have arisen until after the Trustee circulated his amended complaint (rather than following Rule 6(b)(1)(B)), at which point the Trustee was a month late without excuse—fatal under *Silivanch*, *Williams*, and *Padilla*.  *See Dillinger Gaines Coachworks, Ltd. v. Fireman's Fund Ins. Co.*, No. 91-7471, 1992 WL 230130, at *5 (S.D.N.Y. Aug. 31, 1992) (rejecting claim that conduct occurring after expiration of the deadline constituted a waiver).

The Trustee does not cite a single case in support of waiver.[12]  His sole support for this argument is a baseless interpretation of the Order.  The Bankruptcy Court did not provide an "alternative basis" of waiver for its Order.  *See supra* at 1.  And the facts found below are not the required "affirmative conduct or unequivocal assent."  *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-5557, 2013 WL 1234958, at *3 (S.D.N.Y. Mar. 26, 2013) (internal quotation marks omitted).  Ms. Currier's silence cannot, as a matter of law, equal waiver because waiver cannot be predicated on ambiguous conduct, *see L. Orlik Ltd. v. Helme Products Inc.*, 427 F. Supp. 771, 776 (S.D.N.Y. 1977), and "silence is necessarily ambiguous," *In re DG Acquisition Corp.*, 213 B.R. 883, 887 (S.D.N.Y. 1997), *aff'd*, 151 F.3d 75 (2d Cir. 1998).

In *Ferraro Foods, Inc. v. M/V IZZET INCEKARA*, this Court explained that "mere delay" is not prejudice, despite the "alleged 'disingenuousness'" of counsel in initiating a transfer and then invoking a forum selection clause.  No. 01-2682, 2001 WL 940562, at *1, *4 (S.D.N.Y. Aug. 20, 2001); *see also Rush v. Oppenheimer & Co.*, 779 F.2d 885, 889 (2d Cir. 1985) ("[N]one of the individual aspects of the pretrial proceedings conducted by the defendants—the eight-month delay, the motion to dismiss, the conduct of discovery, and the answer—prejudiced Rush

---

[12] The two out-of-circuit cases cited by the Trustee, Opp. at 21, involve neither consent nor waiver.

in any sense that would support a conclusion of waiver by defendants of their contractual right to arbitrate.").  If the affirmative, inconsistent actions taken by counsel in *Ferraro* and *Rush* do not constitute a waiver, then neither does Ms. Currier's understandable silence.

There is no support for the Trustee's argument that the Estate's failure to remind the Trustee of his own failure to comply with the Rules amounts to a clear and unequivocal relinquishment of its rights.  In this respect, the law also requires that it be plausible that the party asserting waiver actually *believed* a waiver had occurred.  *See L. Orlik Ltd.*, 427 F. Supp. at 776.  No experienced lawyer could possibly have believed that the Estate silently waived its right to a dismissal with prejudice from a multi-billion dollar lawsuit without being asked for a waiver, in exchange for no consideration, and without written agreement—or even a phone call.

Dated: February 19, 2016

Respectfully submitted,

**GOODWIN PROCTER LLP**

By:  /s/ John O. Farley
John O. Farley
Michael T. Jones (*pro hac vice*)
Jordan D. Weiss
The New York Times Building
620 Eighth Avenue
New York, NY
Tel:  212.459.7318
Fax:  212.355.3333
jfarley@goodwinprocter.com
mjones@goodwinprocter.com
jweiss@goodwinprocter.com

*Counsel for Diane Currier (Executor of the Estate of Richard Floor)*

10

## <u>CERTIFICATE OF SERVICE</u>

I, John O. Farley, hereby certify that on February 19, 2016, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system.

*/s/ John O. Farley*
John O. Farley

11