```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
In Re: LYONDELL CHEMICAL CO., et al.     :
                                         :
                      Debtors,           :
-----------------------------------------:   16cv737 (DLC)
                                         :
DIANE CURRIER, as Executor of the Estate :   MEMORANDUM OPINION
of Richard Floor,                        :        & ORDER
                                         :
                      Appellant,         :
                                         :
              -v-                        :
                                         :
EDWARD S. WEISFELNER, as Litigation      :
Trustee of the LB Litigation Trust,      :
                                         :
                      Appellee.          :
-----------------------------------------X
```

DENISE COTE, District Judge:

Appellant Diane Currier, as executor of the estate of Richard Floor ("Currier"), brings this motion for leave to appeal an interlocutory order entered by the United States Bankruptcy Court for the Southern District of New York in the above-captioned bankruptcy proceeding.  The order permitted substitution of the executor of an estate following the death of defendant Richard Floor ("Floor").  For the reasons stated below, the motion for leave to appeal is denied.

The background of this dispute is as follows.  Lyondell Chemical Corporation ("Lyondell") filed for relief under Chapter 11 of Title 11 of the United States Code in January 2009. Edward S. Weisnefell (the "Trustee") is the trustee of the LB

Litigation Trust, one of two trusts formed to prosecute Lyondell's and other debtors' claims against shareholder recipients of a $12.5 billion payout issued by Lyondell.  The Trustee filed his original complaint on July 22, 2009 against Floor, among other defendants.  Floor died on February 18, 2010, and counsel representing both Floor and Currier filed a Suggestion of Death notifying the parties of Floor's death on March 8.  Currier was appointed executor of Floor's estate on April 9 by order of a Massachusetts Probate Court.  That order was not docketed publicly until July 23.[1]  In draft amended complaints circulated to all parties in July 2010, the Trustee replaced "Floor" as a defendant with "The Legal Representative of the Estate of Richard Floor (deceased)."[2]  The Trustee filed his final Amended Complaint on July 23, 2010, asserting a total of 21 claims against, among other defendants, "The Legal Representative of the Estate of Richard Floor (deceased)."  At no point during this time period did counsel for Currier inform

---

[1] The Trustee had a paralegal telephone the Massachusetts Probate Court at least on July 1 and July 22.  The paralegal was incorrectly informed that Currier had not yet been appointed.

[2] A footnote in the later drafts and in the final Amended Complaint stated: "Upon information and belief, although not yet formally appointed, Dianne [sic] Currier will be named as the Executrix of the Estate of Richard Floor.  It is the intention of the LB Litigation Trust to name as defendant the person who shall be appointed the legal representative of the Estate of Richard Floor."

the Trustee of Currier's appointment by the Massachusetts Probate Court.

On September 24, 2010, Currier filed a motion to dismiss the Amended Complaint in part on the ground that the Trustee had not timely substituted Currier as a defendant within the 90-day deadline specified in Fed. R. Civ. P. 25(a). This 90-day period for substitution had closed on June 7. On November 16, the Trustee filed a motion pursuant to Rule 25(a) to amend the case caption to substitute Currier or, in the alternative, extend the time for substitution pursuant to Fed. R. Civ. P. 6(b). On January 4, 2016, the Bankruptcy Court denied Currier's motion to dismiss and granted the Trustee's motion to amend the caption (the "January 4 Order"). Currier filed a motion for leave to appeal the January 4 Order pursuant to 28 U.S.C. § 158(a)(3) on February 1.

Section 158(a)(3) grants a United States District Court jurisdiction over appeals from interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(3). The parties agree that in determining whether to grant leave to appeal under § 158(a)(3), courts apply the standard described in 28 U.S.C. § 1292(b), which governs appeals from interlocutory district court orders to the courts of appeals. See, e.g., In re Delphi Corp., No. M-47 (DLC), 2006 WL 1831526, at *1 (S.D.N.Y. July 5, 2006).

Under § 1292(b), an interlocutory appeal is permissible when it involves "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Even if an interlocutory order "qualifi[es] for certification under 28 U.S.C. § 1292(b), the certification decision is entirely a matter of discretion for the district court."  In re Roman Catholic Diocese of Albany, New York, Inc., 745 F.3d 30, 36 (2d Cir. 2014).  The Court of Appeals has emphasized that § 1292(b) certification should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (citation omitted).

Currier seeks a reversal of the Bankruptcy Court's ruling on the grounds that a party cannot establish "excusable neglect" under Fed. R. Bankr. P. 9006(b) based on events occurring after the 90-day deadline of Rule 25(a).  Rule 25(a)(1) provides that

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made <u>within 90 days after service of a statement noting the death</u>, the action by or against the decedent <u>must be dismissed</u>.

4

(emphasis added).  Rule 25 "establishes a time limit," which starts running at the "time information of the death is provided by means of a suggestion of death upon the record."  <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467, 469 (2d Cir. 1998) (citation omitted).

Fed. R. Bankr. P. 9006 provides that the "excusable neglect" standard "governs the enlargement of time for deadlines in bankruptcy proceedings."[3]  <u>In re Harris</u>, 464 F.3d 263, 270 (2d Cir. 2006) (citation omitted).  The rule "permits some filings or other acts to be accepted notwithstanding a missed deadline.  It states that, on the motion of the party, the court may, for cause shown and in its discretion, 'permit the act to be done where the failure to act was the result of excusable neglect.'"  <u>Id.</u> at 270 n.5 (quoting Rule 9006).  The "excusable neglect" standard under Rule 9006 has been developed in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993), and its line of cases.  <u>In re Lynch</u>, 430 F.3d 600, 605 (2d Cir. 2005).

Excusable neglect is a "somewhat elastic concept."  <u>In re Enron</u>, 419 F.3d 115, 121 (2d Cir. 2005) (citation omitted).  An excusable neglect determination is "at bottom an equitable one."  <u>Silivanch v. Celebrity Cruises, Inc.</u>, 333 F.3d 355, 366 (2d Cir.

---

[3] Rule 9006(b) is patterned on Fed. R. Civ. P. 6(b).  <u>See</u> Fed. R. Bankr. P. 9006 advisory committee's note.  Rule 9006(b) and Rule 6(b) contain nearly identical language.

2003) (citation omitted); see also Coleman v. Sys. Dialing LLC, No. 15cv3868 (DLC), 2015 WL 9275684, at *4 (S.D.N.Y. Dec. 18, 2015) (granting retrospective Rule 6(b) extension to allow substitution of administrator for a deceased defendant).

Having reviewed the January 4 Order, there are no circumstances to warrant granting Currier's motion for leave to appeal an interlocutory order. Accordingly, within the Court's discretion, Currier's February 1, 2016 motion for leave to appeal is denied.

SO ORDERED:

Dated:   New York, New York
         March 22, 2016

_____
DENISE COTE
United States District Judge